John Bracken, plaintiff in error, *v.* Michael Kennedy *et al.*, defendants in error.

*Error to La Salle.*

Where a bill in chancery alleged that the complainant and defendants, B and C, entered into a partnership, as canal contractors, upon a certain canal in Virginia, and contracted with the canal company for the construction of section 120, of the canal, and completed the same. That one of the defendants, A, was an individual contractor upon said canal, and had contracted with the canal company for the construction of sections 118 and 119 of said canal. That during the progress of the work, he was absent a great part of the time, and left the construction of the work to the other partners. That the complainant was employed by A, to superintend and carry on the work on his individual contracts; and that during the progress of the works, sections 118 and 119 became largely indebted to section

(1) Cox *v.* Jonier, 4 Bibb. 94.          (2) 2 Ld. Raym. 1075.

120, for work and labor expended upon them. That sections 118 and 119 were very unprofitable, and the amount of their indebtedness to section 120 was about $8000. That the estimate for section 120 was $32,320.90, including the work done on sections 118 and 119; that the cost of the same was $23,783.82, leaving a balance of profit to be divided among the copartners of $8,437.08. That the complainant had settled with B, and paid over to him his share of the profits; and there was due to the complainant from Kennedy $3959,03, arising from said partnership transactions. That A had drawn estimates on the works, and had drawn the last on his individual contracts. That no account had been taken or rendered between the partners, and that A refused to account. The bill prayed an account, and that A might be decreed to pay the complainant the amount due him: *Held,* on demurrer to the bill, that it contained sufficient equity to entitle the complainant to relief.

In matters of difficulty or controversy between partners, it is now most usual, and by far the most convenient, to resort to a court of equity, for their final adjudication and settlement. In a bill for this purpose, the existence of the partnership, the transaction of business by the firm, and no account among its members, are prominent features, and where they all appear, *semble,* that the bill ought in all cases to be retained.

One member of a partnership cannot sue the firm at law for advances made by him to the joint concern, nor can the firm sue an individual partner for any thing that he may have drawn out of the joint stock or proceeds, no matter how much more than his share it might have been; and the reason is, that one man cannot occupy the double position of plaintiff and defendant at the same time. The aid of a court of chancery is just as necessary to settle the account of such advances, as it is to settle accounts arising out of the immediate transactions of the business of the partnership.

The filing either an answer, plea, or demurrer, is a compliance with a rule to answer; but where the defendant has asked further time to answer, and upon that special application it has been granted him, it may be improper to file a demurrer, without the leave of the Court; but even in such a case the objection cannot be raised on a writ of error.

THIS was a *bill in chancery,* exhibited in the La Salle Circuit Court, by John Bracken against Michael Kennedy and Michael Brady, for an account and settlement of partnership transactions. The bill alleges that the complainant and defendants entered into a partnership, about the 1st of January, 1837, as canal contractors, under the firm of Kennedy, Bracken & Co., and that as such partners, they held a contract for making and completing a canal section known as No. 120 of a canal in the State of Virginia, being constructed by the James River and Kanawha Company ; that the work was commenced about the first of January, of said year ; that the complainant, from its commencement to its completion, in July or August, 1838, had the chief management of the work ; the defendant, Kennedy, having left the State of Virginia, soon after its commencement, and only returning occasionally, the management and direction being left to complainant and Brady. That the defendant, Michael Kennedy, had at the same time contracts individually from the same Company for other sections, viz., Nos. 118 and 119 of said canal ; that they were large and heavy contracts, and being unfinished at the time Kennedy left the State of Virginia, he left the completion of them to the complainant, Bracken, for which he, Bracken, was to be paid a compensation ; that said sections 118 and 119 were losing contracts ; and that in the course of the completion of them, the said Kennedy lost heavily, and they became indebted to the partnership section 120, to a large amount, (nearly $8,000,) for work and labor expended on 118 and 119,

justly to be credited to the partnership contract No. 120. That the whole estimate for the partnership contract No. 120 amounted to about $32,320.90, including moneys expended for the above work and labor on sections 118 and 119, to be credited to the partnership contract 120 ; and that the cost of said partnership section amounted to about the sum of $23,783.82, leaving a profit on said work of about $8,437.08, to be divided between the partners. That the complianant has accounted with one of the defendants, Brady, and settled with him for one-third part of said sum of $8437.08; but that there is due to the complainant from the defendant, Michael Kennedy, the sum of $3559.05, arising from said partnership dealings and transactions; and further, that the said defendant, Michael Kennedy, drew estimates on said works. That no account has been taken or rendered between the said partners, and that the said defendant, Michael Kennedy, refuses to account, and refuses to pay over to the complainant his share of the profits of the said partnership business, or any part thereof. The bill prays that an account may be taken of the said partnership dealings and transactions, and the said Michael Kennedy be decreed to pay what, upon the taking of the account, shall appear to be due, &c.

A summons was issued, returnable to the November term, 1840, and at the May term, 1841, on motion of the defendants, leave was granted to file their answer until the next Monday of said term, when the defendant, Kennedy, filed a demurrer, which was sustained by the Court, the bill dismissed, and a judgment for costs rendered against the complainant.

The following causes of demurrer were filed in the Court below :

1. There is no equity in the bill.

2. Bracken, according to his own showing, drew on the estimates on section 120, and received his full share of profits, paying over to Brady his share.

3. Whatever money was expended by Bracken on sections 118 and 119, was by virtue of a contract between him and Kennedy, and can have no relation to the alleged partnership on section 120.

4. The said bill is in other respects informal and insufficient.

The cause was heard before the Hon. Thomas Ford.

The assignment of errors is as follows :

*First.* The Circuit Court erred in sustaining the demurrer of the defendant, Michael Kennedy, and dismissing the bill, because there is sufficient equity in the bill, and sufficient allegations and charges to sustain a bill for partnership account;

*Second.* The Circuit Court erred in dismissing the bill, because it did not dismiss it without prejudice to the complainant;

*Third.* The Circuit Court erred in allowing a demurrer to be filed after further time had been given to the defendant to answer.

J. Young Scammon and Hugh T. Dickey, for the plaintiff in error:

1. The bill shows partnership transactions between the parties; and that no settlement has ever been had.

The partnership of Kennedy, Bracken, & Co., has never been settled.

Equity alone has jurisdiction; a suit at law could not be maintained between the parties. Davenport *v.* Gear *et al.*, 2 Scam. 498; Phillips *v.* Lockart, 1 Alab. 524; Rogers *v.* Rogers, 1 Hall 391; Attwater *v.* Fowler, 1 Hall 180; 1 Story's Eq. 615–16.

In all partnership matters, a court of chancery has jurisdiction. 1 Story's Eq. 612, 615–16.

2. The bill shows a contract between the firm of Kennedy, Bracken, & Co., and Kennedy; and that Kennedy became largely indebted to the firm. No action at law can be maintained between these parties. Story on Partn. 322–6, §§ 321, and note, 326, 343–4, §§ 324–5; Calvit's Ex'rs. *v.* Markham *et al.*, 3 V. E. Howard 355–6; Estes *v.* Whipple *et al.*, 12 Verm. 376.

This is a contract between the partnership and Kennedy. Story on Partn. 354–5.

Bracken, as equitable assignee of Brady, may maintain this suit. Pendleton *et al. v.* Wambasie *et al.*, 4 Cranch 74; 2 Peters' Cond. R. 32.

Although Bracken alleges that he has paid off Brady, Brady is a necessary party to the bill, in order to enable the Court to ascertain the amount justly due to Bracken. Bracken calls upon the Court to decree to him the entire amount due the partnership, deducting Kennedy's part of the money received on contract 120. In order to determine whether such a decree should be made, the Court must adjudicate upon the rights of Brady, and determine whether he has been paid by Bracken. Brady is a necessary party to the bill; his interests are involved in taking the account. Story's Eq. Plead. 74, 157; necessary parties, Lube's Eq. 22, and note; Gilham *et al. v.* Cairns, Breese 124; Herrington *v.* Hubbard, 1 Scam. 569; Elston *v.* Blanchard, 2 Scam. 422.

In all matters of account, the Court of Chancery has jurisdiction. 1 Story's Eq. 423–5; Gow on Partn. 93, and note; 1 Peters' Dig. 439, § 242; Peck *et al. v.* Braman *et al.*, 2 Blackf. 142; Cummins *v.* White *et al.*, 4 Blackf. 359.

A court of equity has jurisdiction whenever the remedy at law is doubtful and difficult. Am. Ins. Co. *v.* Fisk, 1 Paige 90; Teague *v.* Russell, 2 Stewart 420. Also whenever the remedy is doubtful or obscure, or inadequate at law. Rathbone *v.* Johnson, 10 Johns. 587; King *v.* Baldwin, 17 Johns. 384.

The demurrer is to the whole bill, and therefore should be over-

ruled. Story's Eq. Plead. 349, § 443; Bleeker v. Bingham, 3 Paige 246; Johns. Cas. 427.

Under the circumstances of this case, if the bill was defective, it should have been dismissed without prejudice.

After time is given the defendant to answer, he cannot demur, without first applying for leave to do so. 1 Hoff. Chan. Pract. 214, and notes; 2 Paige 331.

The bill is in the usual form. Story's Eq. Plead. 31; Lube's Eq.

L. TRUMBULL and D. L. GREGG, for the defendant in error, Kennedy.

CATON, Justice, delivered the opinion of the Court:

This was a *bill in chancery* filed in the La Salle Circuit Court, by the complainant against the defendants, for an account among partners. The bill states that in July, 1837, the complainant and defendants entered into partnership as canal contractors, and, as such partners, contracted with a canal company in Virginia, for the construction of section 120 of their canal, and that they completed said section 120 in August, 1838. That during the progress of the work, the complainant and Brady had the principal management of its construction, while most of the time Kennedy was absent. That at the same time Kennedy had an individual contract for the construction of sections 118 and 119 of the same canal, and Kennedy employed the complainant to superintend the completion of these sections. That this individual contract of Kennedy was unprofitable, and, in the course of its progress, became indebted to the copartnership section, 120, to about $8000, for work and labor expended on sections 118 and 119. That the whole estimate for the company section, 120, was $32,320.90, including the work done on Kennedy's individual sections, and that the costs of the same were $23,783.82, leaving a balance of profits to be divided among the partners of $8437.08. That the complainant has accounted with, and paid over to Brady his third of said profits; and that there is now due from Kennedy to the complainant the sum of $3959.03, arising from said partnership transactions. That Kennedy has drawn estimates on the works, and has drawn his last on his individual contracts. That no account has been taken or rendered between the said partners, and that Kennedy refuses to account. The bill prays that an account may be taken, &c.

To this bill a demurrer was filed, which was sustained, and the bill dismissed.

The first assignment of error is upon the decision of the Court in sustaining the demurrer, and this is the principal question in the case.

In matters of controversy or difficulty between partners, it is now most usual, and by far the most convenient, to resort to a

court of equity for their final adjudication and settlement. The practice of this court is much better adapted to unravel, and definitely settle such complicated questions as frequently arise among partners than a court of law; and it is now one of the most usual proceedings to be met with in courts of equity. It is not unusual that almost the entire proof of the merits of a case between partners is locked up in the bosoms of the parties themselves, or is contained in books and papers in the possession of one or the other party, and this court can afford the only key to the disclosure of the one, or the production of the other. Here, either party may compel the other to purge his conscience, on oath, and declare the truth; and the court will compel the production of all such papers and books, as may be necessary to elucidate the rights or liabilities of the parties. It is for this reason, also, that courts of equity have frequently exercised a concurrent jurisdiction with courts of law, in long and intricate accounts, running on both sides, between parties who are not partners, and have no interests in common.

It is true that courts of law still pretend to afford a remedy in case of difficulty between partners, by the action of account, but it is so incomplete and unsatisfactory, that it is now nearly obsolete; and the complaining partner almost universally lays his complaint before a court of chancery, where he finds a prompt and efficient remedy, from the superior facilities which it possesses of doing complete justice between the parties.

In a bill of this character, the existence of the partnership, the transaction of business by the firm, and no account among its members, are prominent features, and where they all appear, I am not prepared to say that the bill ought not in all cases to be retained. In this case, the bill shows that there was a special and limited partnership, the particular object of which is stated in it, as well as the nature and amount of the business transacted by the firm, and that no account has been had between the complainant and the defendant Kennedy, who refuses to account. Here, then, is such a case as requires the interposition of a court of chancery, to settle and adjust the rights and claims of the several partners. It is true that the bill states that the complainant and Brady have settled as between themselves, and that the complainant has succeeded to all of the rights and interests of Brady in the partnership business; but this does not make it the less necessary that an account should be had between the complainant and Kennedy, to settle their respective rights; and to accomplish this, it was necessary to make Brady a party to the bill. The bill also states that the partnership advanced to Kennedy, one of its members, in work, and labor, &c., to the amount of some $8000, which is nearly the extent of the whole partnership profits, thus showing substantially that Kennedy had received nearly all of the profits of the work on section 120. In what way could this be recovered back by the other members of the firm, or in what way could he be compelled to ac-

count for these advances, unless by the mode here adopted ? One member of a partnership cannot sue the firm at law for advances made by him to the joint concern ; nor can the firm sue an individual partner for any thing that he may have drawn out of the joint stock, or proceeds, no matter how much more than his share it might have been; and the reason is, that one man cannot occupy the double position of plaintiff and defendant at the same time. (1) The aid of this court is just as necessary to settle the account of these advances, as it is to settle the accounts arising out of the immediate transactions of the special business of the partnership.

The bill then being sufficient in substance, although not so particular as might be desirable, the demurrer should have been overruled. This disposes also of the second error.

The third error questions the right of the defendant to file a demurrer, when he was under a rule to answer. This he had a right to do. The filing either an answer, plea, or demurrer, was a compliance with the rule. Had the defendant asked further time to answer, and upon that special application had it been granted him, it might have been improper to file a demurrer, without the leave of the Court; but even had such been the case, it would be too late now to raise the objection.

The decision of the Court below is reversed, and the cause remanded, *with directions that the complainant be permitted to amend his bill, if he thinks proper, and with leave for the defendant to answer.*

*Decree reversed.*